# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 3:21-cr-104
                                                              Civil Case No. 3:23-cv-00320

                                                                         District Judge Michael J. Newman
-   vs   -                                                        Magistrate Judge Michael R. Merz

WILLIAM EARNEST,

          Defendant.       :

## REPORT AND RECOMMENDATDIONS

This case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 59) which has been referred to the undersigned pursuant to Amended General Order 22-05.  On order of District Judge Newman, the United States has filed an Answer (ECF No. 66) and Defendant has filed a reply ("Response to the Government's Opposition")(ECF No. 67).

**Litigation History**

Defendant was indicted August 24, 2021 (ECF No. 2).  On October 26, 2021, Defendant entered into a Plea Agreement with the United States (ECF No. 21) and appeared for a change of plea hearing before Magistrate Judge Peter B. Silvain, Jr.  Judge Silvain found Defendant's guilty

plea was knowing, intelligent, and voluntary and recommended that Judge Newman accept Defendant's plea of guilty to Count 1 of the Superseding Information which charged him with possession with the intent to distribute forty grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(Report and Recommendations, ECF No. 24).  No objections were filed to the Report within the time allowed by law and Judge Newman therefore adopted it on November 15, 2021 (ECF No. 27).  On May 5, 2022, Judge Newman sentenced Defendant to imprisonment for 138 months (Judgment, ECF No. 40).

Defendant appealed, but the Sixth Circuit found the Plea Agreement, which included an appeal waiver, was entered into knowingly, intelligently, and voluntarily. *United States v. Earnest*, Case No. 22-3641 (6th Cir. Aug. 23, 2023)(copy at ECF No. 58).  Defendant did not seek further review in the Supreme Court of the United States, but filed the instant Motion to Vacate which pleads four claims of ineffective assistance of trial counsel:

> **Ground One**:  Failure to investigate and properly challenge the U. S. S. G. § 2Dl. l(b)(l) enhancement) (1) for possession of a firearm while drug trafficking.
>
> **Ground Two:**  Failure to investigate and properly challenge the U. S. S. G. § 2Dl. l(b)(l) enhancement) (1) for maintaining a premises for the purposes of maintaining or distributing a controlled substance.
>
> **Ground Three:**  Failure to object and advise the correct drug quantity at sentencing.
>
> **Ground Four:**  Guilty plea was invalid because it was based on misinformation from counsel.

(Memorandum in Support of Motion to Vacate, ECF No. 59-1).

2

## Analysis

All four of Defendant's claims for relief allege ineffective assistance of counsel by his trial attorney, Tamara Sack.

The Sixth Amendment to the United States Constitution guarantees that criminal defendants faced with possible incarceration will received the effective assistance of an attorney in their defense. If a defendant is unable to afford counsel, the Constitution guarantees counsel will be appointed. *Powell v. Alabama*, 287 U.S. 45 (1932)(capital cases); *Gideon v. Wainwright*, 372 U.S. 335 (1963)(felony cases); *Argersinger v. Hamlin,* 407 U.S. 25 (1972)(misdemeanor cases where imprisonment is a possibility); *Alabama v. Shelton,* 535 U.S. 654 (2002)(even if sentence is suspended).

Although most constitutional defects in trial proceedings are properly raised on appeal, the Sixth Circuit prefers claims of ineffective assistance of counsel be brought in § 2255 proceedings. *Massaro v. United States*, 538 U.S. 500 (2003); *United States v. Neuhausser*, 241 F.3d 460 (6th Cir. 2001); *United States v. Fortson,* 194 F.3d 730, 736 (6th Cir. 1999). This Defendant's claims of ineffective assistance of trial counsel are properly before the Court on the instant Motion to Vacate.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires

> showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of

4

a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id.*, at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id.*, at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011). The *Strickland* standard applies in evaluating ineffective assistance claims in cases which resulted in a negotiated plea. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988).

This case of course did result in a negotiated plea of a particular type: it was made pursuant to Fed. R. Crim. P. 11(c)(1)(C) and provides for a term of imprisonment of not more than 138 months (Plea Agreement, ECF No. 21, PageID 67).

At various points in his Motion, Defendant claims his guilty plea pursuant to the Plea Agreement was not knowing, intelligent, and voluntary. However, Defendant has forfeited any such argument. Magistrate Judge Peter Silvain, Jr., conducted the plea colloquy in this case and recommended the Plea Agreement and guilty plea be accepted by Judge Newman on an express finding that the guilty plea was knowing, intelligent, and voluntary (Report and Recommendations,

ECF No. 24, PageID 76). Judge Silvain notified Defendant of his right to object and the consequences of failure to do so. *Id.* at PageID 77. No objections were filed within the required time and Judge Newman adopted the Report (Order, ECF No. 27).

A petitioner who fails to make specific objections to a magistrate judge's report forfeits his right to appeal the aspects of the report to which he did not object. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Although the waiver rule is "nonjurisdictional" and this court may "excuse [such a] default in the interests of justice," *Thomas*, 474 U.S. at 155, this court will excuse such a default only "where the judgment of the district court constitutes 'plain error,'" *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987) (quoting *Thomas*, 474 U.S. at 155 n.15), such that the error is "obvious and prejudicial." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). Because Defendant made no objection at all to Judge Silvain's Report, he has forfeited his claim that his guilty plea was not knowing, intelligent, and voluntary.

**Ground One: Failure to Contest Enhancement for Firearm Possession**

Defendant asserts in his First Ground for Relief that Attorney Sack provided ineffective assistance of trial counsel by failing to contest the Sentencing Guideline enhancement for possession of a firearm. However, the record shows Attorney Sack did contest this enhancement when responding to the initial Presentence Investigation Report and again in the Sentencing Memorandum on Defendant's behalf (See Sentencing Memorandum, ECF No. 34, PageID 187). In the latter she requested a hearing on the proposed enhancements and Judge Newman granted the hearing, heard the arguments, and overruled the objections (Order, ECF No. 36).

6

The fact that Attorney Sack did not orally further argue this objection at sentencing does not show deficient performance. An attorney's decision to raise an issue in writing and then pursue it at an oral hearing separate from sentencing does not show she failed to pursue the issue in a professional manner and probably reflects her understanding of how District Judge Newman prefers to handle such issues. Her approach ensured sufficient attention would be given to the issue and that the judge's decision would be in a form readily presentable to the Court of Appeals if an appeal were taken[1].

Defendant's First Ground for Relief also fails on *Strickland's* second prong. His claim is that if the firearm enhancement had been eliminated, his Guideline Sentencing range would have been reduced from 188-235 months to 151-188 months (Memorandum, ECF No. 59-1, PageID 446). But Attorney Sack had already achieved for him an agreement to a sentence of a maximum of 138 months, well below the low end of the range which would have been achieved by eliminating the firearm enhancement. Thus Defendant suffered no prejudice from her failure to repeat the firearm argument at the sentencing hearing.

Finally, Defendant's arguments on the merits of the enhancement are unpersuasive for the reasons given by Judge Newman in overruling Defendant's objections to the PSR. Even though Defendant's DNA was not found on the weapon in question. Defendant admitted knowing the firearm was in the stash house on Hepburn Avenue.

Defendant's First Ground for Relief should be dismissed with prejudice.

---

[1] In this case, of course, Defendant had waived his right to appeal but appealed anyway, probably hoping the Sixth Circuit would invalidate the waiver.

**Ground Two:  Failure to Contest Premises Enhancement**

In his Second Ground for Relief, Defendant argues Attorney Sack provided ineffective assistance of trial counsel when she did not contest at sentencing the enhancement for maintaining a premises for distribution of drugs.

The Second Ground for Relief should be dismissed with prejudice on the same basis as Ground One.  First of all, Attorney Sack did contest this enhancement in the same way she contested the firearm enhancement.  It is not deficient performance to choose to raise an issue in a particular way (written with a separate evidentiary hearing) when that method of proceeding is as likely or more likely to get a favorable hearing than oral argument alone at sentencing.  Second, there is no prejudice here from failure to eliminate the premises enhancement because doing so would not have lowered the bottom of the Guideline range below the agreed sentence of 138 months.  Finally, Judge Newman's ruling on this objection shows there was adequate evidence to permit a finding that the premises in question were maintained by Defendant as a stash house.

**Ground Three:  Failure to Object and Advise Correct Drug Quantity at Sentencing**

In his Third Ground for Relief, Defendant claims Attorney Sack provided ineffective assistance of trial counsel when she failed to object and advise the correct drug quantity at sentencing.  He argues the Court attributed 604.34 grams of fentanyl to him, resulting in a base offense level of thirty, referring to the Plea Hearing (Memorandum, ECF No. 59-1, PageID 452). However, he notes that he had previously written to the Court *pro se* to claim he was responsible for only a much smaller quantity of drugs. *Id.*  He asserts the PSR attributes to him only 69.01

8

grams of narcotics. *Id.* at PageID 453. He asserts Attorney Sack told him that if he did not plead guilty to the one count superseding information, he would be found guilty of all the offenses in the Indictment. Conversely he claims she promised him a sentence of not more than sixty months if he pleaded guilty. *Id.* at PageID 454. He claims that had he known she would not contest the relevant quantity of drugs at sentencing, he would have insisted on going to trial. *Id.*

This ground for relief suffers from a number of fatal deficiencies. First of all, Defendant's claim that he was promised any sentence other than the 138-month maximum in the Plea Agreement is refuted by the integration clause in that Agreement which provides:

> **14. Entire Agreement.** This agreement, along with any attachment(s), is the complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties.

Second, the claim contradicts Defendant's statement in open court during the plea colloquy that there were no other promises made to him (Transcript, ECF No. 54, PageID 292). At the outset of the plea colloquy, Defendant had been sworn to tell the truth (*Id*. at PageID 272), which makes his claim now that Attorney Sack promised him a lower sentence an implicit admission that he perjured himself during the plea colloquy.

Third, although Defendant had previously written to the Court claiming a lower amount of drugs and repeated that claim during the plea colloquy, he conceded the 604.34 grams amount after consultation with counsel. *Id.* at PageID 294-95. According to the Statement of Facts to which Defendant agreed, this was the amount of fentanyl seized from the stash house on Hepburn Avenue pursuant to a valid search warrant on August 26, 2020. This was not a guess or estimate as to the amount of narcotics involved, but a weight carefully calculated by the Miami Valley Regional Crime lab. Thus Attorney Sack's contesting the drug quantity at sentencing would have been futile because Defendant had admitted the larger amount. It is not deficient performance to

9

fail to engage in a completely futile gesture.  Defendant's Third Ground for Relief should therefore be dismissed with prejudice.

**Ground Four:  Guilty plea invalid because based on misinformation from counsel.**

In his Fourth Ground for Relief, Defendant claims his guilty plea is invalid because it was based on misinformation provided by Attorney Sack, to wit, failure to tell him that he could be held responsible for the 604.34 grams of fentanyl that was seized.  Note that this is a claim of ineffective assistance of trial counsel by omission; Defendant does not claim Attorney Sack told him he could not be held liable for the total amount of drugs involved in the offense of which he was convicted.  In his current Motion he admits that the law holds offenders responsible for the total amount of drugs found in their possession and the charge to which he pleaded guilty was possession of an amount of fentanyl, not sale of that amount.

Defendant claims holding him responsible for the 604.34 grams constitutes a breach of the Plea Agreement.  However he has never moved to withdraw the guilty plea at any time even though the PSR lists the drug quantity at 604.34 grams, resulting in the offense level of 30.

This Fourth Ground for Relief is rebutted by Defendant's statements under oath at the plea colloquy.  He cannot rely on having written to the Court before that date that he only sold 69.07 grams of fentanyl because his final position after private consultation with counsel as to admit the 604.34 grams amount.  Again, the relevant amount is not what he sold, but what he possessed with intent to sell which is the full amount seized from the stash house on August 26, 2020.  Ground Four should therefore be dismissed with prejudice.

Because the record as it stands refutes Defendant's claims, there is no need for an evidentiary hearing in this matter.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Motion to Vacate be denied with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 23, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge

11