# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

           Plaintiff,    :    Case No. 3:21-cr-104
                                          Civil Case No. 3:23-cv-00320

                                          District Judge Michael J. Newman
- vs -                             Magistrate Judge Michael R. Merz

WILLIAM EARNEST,

           Defendant.    :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 59). The Motion to Vacate was referred to the undersigned who filed a Report and Recommendations recommending the Motion be denied ("Report," ECF No. 70). Defendant objected (ECF No. 71) and District Judge Newman has recommitted the matter for consideration of the Objections by the undersigned (ECF No. 72).

The Motion to Vacate contains four grounds for relief and the Report recommended rejecting all four. Defendant objects only as to the Fourth Ground for Relief which is that his guilty plea is invalid because based on misinformation from counsel. As the Report notes, this is a claim of omission (ECF No. 70, PageID 598). Defendant does **not** claim Attorney Sack told him

1

that he could not be held responsible for all 604.34 grams of fentanyl federal agents seized. Rather, he asserts she failed to tell him that he could be held responsible for all the fentanyl that was seized.

In his Objections, Defendant asserts Attorney Sack told him affirmatively that he could only be held liable for "the offense of conviction." The Plea Agreement provides Earnest will plead guilty to one count of possessing with intent to distribute "**over** [emphasis sic] 40 grams of Fentanyl, in violation of 2l U.S.C. § 84l(a)(l) and (b)(1)(B)." (ECF No. 21, PageID 66). That is the offense, charged in Count One of the Superseding Information, to which Earnest pleaded guilty before Magistrate Judge Peter B. Silvain, Jr., on October 26, 2021 (Transcript, ECF No. 54). Earnest was sworn to tell the truth. *Id.* at PageID 272.

To Judge Silvain's questions, Defendant answered that he understood the charges to which he was pleading and that he was fully satisfied with the representation he had received from Attorney Sack. *Id.* at PageID 278-79. Defendant affirmed under oath that he understood the penalties for the offense to which he was pleading were a mandatory minimum of five years imprisonment and a maximum of forty. *Id.* at PageID 279. He affirmed, still under oath, that Judge Newman would determine the sentence after having reviewed the Presentence Investigation Report and could at that point reject the Plea Agreement. *Id.* at PageID 281. He swore that he understood that "the actual sentence imposed will be entirely at the discretion of the Court, limited only by the minimum and maximum penalties provided by the United States Code for the offense of conviction." *Id.* at PageID 282. The Plea Agreement repeats in writing the maximum and minimum penalties prescribed for the offense of conviction (ECF No. 21, PageID 66).

Having conducted the plea colloquy, Judge Silvain found the guilty plea was knowing, intelligent, and voluntary and recommended that it be accepted (Report, ECF No. 24). Defendant made no objections and Judge Newman adopted the Report (ECF No. 27). The case was then

referred to the Probation Department. In her initial Presentence Investigation Report, the Probation Officer noted that the parties had agreed a sentence of not more than 138 months would be appropriate sentence (ECF No. 28, PageID 85). She also reported that the arresting officers had recovered 604.34 grams of fentanyl. *Id.* at PageID 88. In ¶ 32, she reported that "Pursuant to U.S.S.G. § 2D1.1(a)(5) and (c)(5), if the offense involved at least 400 grams but less than 1.2 kilograms of fentanyl, the base offense level is 30." Because there were firearms involved, the base offense level was increased by two; because the Defendant maintained the relevant premises, the base offense level was increased by an additional two points, resulting in a base offense level of 34. *Id.* at PageID 89. Defendant received a two-point reduction for acceptance of responsibility and a one-point reduction for prompt notification of intent to plead, resulting in a base offense level of 31. *Id.* at PageID 90. The same calculations were carried forward to the final Presentence Investigation Report (ECF No. 31). In that final report, the Probation Officer calculated the Guideline Sentencing Range as 188 to 235 months. *Id.* at PageID 168. She recommended, however, imposing a sentence of 138 months as provided in the Plea Agreement. *Id.* at PageID 173.

After that report was filed, Earnest wrote a letter to the Court in which he claimed that there were things in the PSI that were not true. He did not dispute the drug quantity found, but merely said his prints were not found on the drugs or the guns seized (ECF No. 33). He did not claim his plea had been induced by misinformation or failure to communicate accurate information by Attorney Sack.

The Objections emphasize that Attorney Sack told Defendant he would only be liable for the "offense of conviction," but that is exactly what happened. The penalty for trafficking "over forty" grams of fentanyl is a mandatory minimum of five years with a maximum of forty. 21

3

U.S.C. § 841(b)(1)(B)(vi).  The record shows that the Government could have proved that Earnest had sufficient control over the 604 grams to be charged and convicted for that amount, but that would have subjected him to a possible sentence of ten years to life imprisonment.  21 U.S.C. § 841(b)(1)(A)(vi) makes that sentencing range available for anyone convicted of trafficking 400 grams or more of fentanyl.  To the extent Defendant is complaining that Attorney Sack told him he would only be held liable for the offense of conviction, she told him the truth, although he could have been held liable for the more serious offense.

To the extent Defendant is complaining that Attorney Sack did not tell him that the amount of drugs seized would affect the Sentencing Guideline Range, he cannot meet the prejudice prong of *Strickland v. Washington,* 466 U.S. 668 (1984) because he was told repeatedly – by writing in the Plea Agreement, orally by Judge Silvain, and again in the written PSI – that the amount of drugs recovered would be and had been considered.  Importantly, Defendant never moved, either *pro se* or though counsel, to withdraw his guilty plea on the basis of the alleged misleading lack of information from Attorney Sack even though he knew long before sentence was imposed that the amount of drugs seized would affect his sentence.

Earnest objects that no evidence has been presented to rebut his version of the facts and asserts the only correct way to resolve the factual dispute is to hold an evidentiary hearing (Objections, ECF No. 71-2, PageID 610).  On the contrary, the credibility of Defendant's version of events is completely undermined by his failure to complain of the allegedly misleading lack of information at any time before filing the Motion to Vacate even when he knew from many sources that the drug quantity was having an effect on his sentence.  Moreover, as noted above, he was not prejudiced by Attorney Sack's failing to tell him that information because he was told it by many others in the court system.

Defendant complains that the Report does not deal with his Affidavit which is attached to his Reply (ECF No. 67).  There is a conflict between his Affidavit and his statement elsewhere in the motion papers that Attorney Sack told him he would only be liable for the offense of conviction.  As noted above, he has only been held liable for the offense of conviction.  Although the Government could have proved he possessed more than 400 grams of fentanyl with the intention of distributing it and thereby subjected him to a sentence of between twenty years and life, it agreed to the very significantly lower sentencing range of five to forty years and actually agreed to a sentence fifty months less than the Sentencing Guideline Range applicable to the offense conduct.

**Conclusion**

Having considered Defendant's Objections, the Magistrate Judge again recommends that his Motion to Vacate be denied.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 15, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's

5

objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
