UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

Plaintiff, Case No. 3:21-cr-104

vs.

WILLIAM EARNEST, District Judge Michael J. Newman

Defendant.

---

**ORDER: (1) DENYING DEFENDANT'S *PRO SE* MOTION FOR COMPASSIONATE RELEASE (Doc. No. 86); AND (2) CONFIRMING THIS CASE REMAINS TERMINATED ON THE DOCKET**

---

Defendant is currently serving a 138-month term of imprisonment as a result of his guilty plea to, and sentencing for, one count of possession with intent to distribute fentanyl. Doc. No. 40 at PageID 217–18. Defendant is incarcerated at the Fort Dix Federal Correctional Institution ("FCI") with a release date of June 15, 2029. *See* https://www.bop.gov/locations/institutions/alf (last visited August 17, 2026).

The case is before the Court upon Defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. No. 86), to which the Government did not respond. The Court liberally construes Defendant's *pro se* motion and filings in his favor. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).

Defendant seeks compassionate release based, in part, on the allegedly dramatic changes to his living conditions at Fort Dix FCI and the resulting threat, he claims, to his health. Doc. No. 86 at PageID 681. He also advances multiple other reasons, described and addressed below, in support of his motion. *Id*. at PageID 683–86; *infra*, § I(C). Recognizing that Defendant fails to

prove he exhausted his administrative remedies and, alternatively, that no "extraordinary and compelling" reasons justify his compassionate release and that his release is not justified under 18 U.S.C. § 3553(a), his motion is denied.

**I.**

**A. Section 3582(c)(1)(A) and Administrative Exhaustion**

Federal law generally prohibits a district court from "modifying a term of imprisonment once it has been imposed." *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020) (quoting § 3582(c)(a)(1)(A)) (citation modified). Despite this, a defendant may file, on his own behalf, a motion for compassionate release under § 3582(c)(1)(A). *See United States v. Alam,* 960 F.3d 831, 834-35 (6th Cir. 2020). Prior to doing so, a defendant must fully exhaust his or her right to administrative relief with the Bureau of Prisons or wait 30 days after submitting a request for compassionate release to the warden of his facility. *See United States v. Harvey*, No. 23-5068, 2023 WL 5275091, at *2 (6th Cir. July 10, 2023); *United States v. Walton*, No. 2:18-cr-204-18, 2022 WL 950351, at *1 (S.D. Ohio Mar. 30, 2022). The defendant bears the burden of showing he or she has exhausted his/her administrative remedies and is entitled to compassionate release. *United States v. Poole*, 472 F. Supp.3d 450, 455 (W.D. Tenn. 2020).

Defendant asserts he "exhausted his administrative remedies with the [w]arden on August 24, 2025, at FCI Fort Dix, and there was not a response from the[w]arden[']s Office." Doc. No. 86 at PageID 686. However, he has not submitted any evidence supporting this assertion. As a result, he has not met his burden to show he exhausted his administrative remedies. *Cf. Walton*, 2022 WL 950351, at *1 (The defendant did not show administrative exhaustion because he failed to submit evidence indicating his request for compassionate release was actually delivered to the warden).

Assuming, *arguendo*, and in Defendant's favor, that he nonetheless fully exhausted his administrative remedies, the Court turns, alternatively, to his arguments under § 3582(c)(1)(A).

**B. Section 3582(c)(1)(A) and Compassionate Release**

"To qualify for compassionate release, a defendant must show that 'extraordinary and compelling reasons warrant such a reduction,' and the district court must consider the § 3553(a) sentencing factors to the extent they are applicable."[1] *United States v. Bass*, 17 F. 4th 629, 635 (6th Cir. 2021) (first quoting 18 U.S.C. § 3582(c)(1)(A); and then *citing Ruffin*, 978 F.3d at 1004). Even if a defendant shows extraordinary and compelling reasons, "a district court may still deny relief if it finds that the 'applicable' § 3553(a) factors do not justify it." *Ruffin*, 978 F.3d at 1005; *see United States v. Neidik*, No. 2:23-cr-00217, 2026 WL 775560, at *1 (S.D. Ohio Mar. 19, 2026) ("Even when all [§ 3582(c)(1)(A)'s] conditions are met, the district court maintains discretion to grant or deny compassionate release" (citing *United States v. Jones*, 980 F.3d 1098, 1101-02, 1106 (6th Cir. 2020))).

"Section 3582(c)(1)(A) precludes a court from simply taking facts that existed at sentencing and repackaging them as 'extraordinary and compelling.'" *United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021). "A court must first find that the facts of the defendant's personal circumstances changed after sentencing in a way that is 'extraordinary and compelling,' before a court is permitted to weigh (or revisit) the § 3553(a) factors." *Id*. at 569-70 (emphasis deleted) (citing *Setser v. United States*, 566 U.S. 231, 243 (2012) (recognizing that § 3582(c)(1)(A) is triggered by "developments that take place after the [original] sentencing")). "Indeed, … defendants seeking compassionate release must show that their 'personal circumstances' have

[1] A third requirement—"that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"—does not apply if an inmate, rather than the BOP, files the compassionate release motion. *United States v. Owens*, 996 F.3d 755, 759 n.2 (6th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Defendant filed the instant motion, so this requirement does not apply. *See id*.

'changed so that the district court should weigh the § 3553(a) factors differently than it had at the original sentencing.'" *Id*. at 570 (quoting *United States v. Navarro*, 986 F.3d 668, 672 (6th Cir. 2021)).

**C. Defendant's "Extraordinary and Compelling" Reasons**

Defendant seeks compassionate release "as his living conditions at FCI Fort Dix have dramatically changed, and he is at risk of getting extremely ill." Doc. No. 86 at PageID 681. He further asserts the combination of the following "extraordinary and compelling reasons" support granting him compassionate release: his continued incarceration "is a significant cost to taxpayers"; release of "non-violent offenders … [is] a top priority for the Trump Administration"; he has "maintained a positive attitude and shown respect for authority" despite the harsh conditions of his confinement; "his clean conduct over [his] period of incarceration, and active programming[,] reflect his personal transformation"; and "[h]is devotion to his faith is a mark of a man who has made a true conversion and rededication of his life to the service of others." *Id.* at PageID 684.

Although the Court is sensitive to these considerations, and recognizes Defendant's good work while incarcerated, the "extraordinary and compelling reasons" test is hard to satisfy. Accordingly, the Court is compelled to find that Defendant's assertions, viewed alone or in combination, do not constitute extraordinary and compelling reasons to warrant his compassionate release under § 3582(c)(1)(A). *See Ruffin*, 978 F.3d at 1004.

First, Defendant has not submitted for the Court's review his medical records or other evidence in support of his allegations that the living conditions at Fort Dix FCI have changed dramatically or pose a risk to his health. *See* Doc. No. 86. Consequently, he has not satisfied "his burden under § 3582(c)(1)(A) to show that the conditions of his confinement are so extraordinary

and compelling as to justify release." *United States v. Gordon*, No. 23-3188, 2024 WL 1005772, at *2 (6th Cir. Mar. 4, 2024) (citing *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) ("providing that the prisoner who moves for compassionate release bears the burden of establishing an extraordinary and compelling reason for release"); *United States v. Hall*, 877 F.3d 676, 685-86 (6th Cir. 2017)).

Second, Defendant's reliance on the cost of his incarceration to federal taxpayers identifies an ordinary consequence that results from the incarceration of every convicted federal offender sentenced to a term of imprisonment; it does not constitute an "extraordinary" reason (*i.e.*., a reason that is "most unusual," "far from common," or "having little or no precedent," *Hunter*, 12 F.4th at 562) for granting compassionate release. *See id.* ("[W]hen Congress enacted the [compassionate release] statute in 1984, 'extraordinary' was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent.'" (quoting Webster's Third New International Dictionary: Unabridged 807 (1971))).

Third, Defendant also provides no support for his assertion that President Trump's top priority is to release non-violent offenders, or that such a policy would justify his compassionate release given the danger Defendant posed to the public by distributing fentanyl that resulted in his present incarceration. *See* Doc. No. 31 at PageID 162, ¶ 83. His danger to the public is also seen in the fact that he committed his present offense while on supervised release for a prior felony conspiracy conviction for possession with intent to distribute heroin. *United States v. William Earnest*, No. 3:16-cr-96 (S.D. Ohio); *see* Doc. No. 31 at PageID 160, ¶ 79 and PageID 162, ¶ 83.

Finally, Defendant's remaining reasons focus on his asserted success in rehabilitating himself during his present incarceration. Doc. No. 86 at PageID 683. These reasons, while important to Defendant's rehabilitation, cannot be considered under this analysis because

"Congress was emphatically clear that 'rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *Hunter*, 12 F.4th at 572 (citation modified) (quoting 28 U.S.C. § 994(t)); *see United States v. Hall*, 179 F.4th 504, 511 (6th Cir. 2026) (District court "'improperly applie[d] the law' by interpreting the defendant's []rehabilitation to be 'extraordinary and compelling' under the [compassionate-release] statute" (citing *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020))).

For the above reasons, Defendant has not established the existence of extraordinary and compelling reasons as required by § 3582(c)(1)(A). Accordingly, his motion fails on the merits.

**II.**

Further assuming, *arguendo*, that Defendant could satisfy the "extraordinary and compelling" standard—which he has not (and cannot)—his motion would also fail under § 3553(a).

Defendant contends the § 3553(a) factors support reducing sentence because he recognizes his offense was extremely serious; his prison record reflects his maturity, rehabilitation, and readiness to re-enter society; he has a family and a stable home environment waiting for him upon his release; and he claims to pose no threat to the public. Doc. No. 86 at PageID 685–86.

Defendant has not supported his motion and application of the § 3553(a) factors with evidence indicating his "'personal circumstances' have 'changed so that the [Court] should weigh the § 3553(a) factors differently than it had at the original sentencing.'" *Hunter,* 12 F.4th at 570 (quoting *Navarro*, 986 F.3d at 672). Further, a reduction of Defendant's 138-month prison sentence is unwarranted when considering the § 3553(a) factors including the nature and circumstances of his offense; his lengthy criminal history and characteristics; and the need to reflect the seriousness of his offense, promote respect for the law, and afford adequate deterrence.

*See* 18 U.S.C. §§ 3553(a)(1), (2). Consequently, Defendant's sentence of 138 months remains "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See id*.

**III.**

For the above reasons, Defendant's motion for compassionate release is **DENIED**, and the case remains **TERMINATED** on the docket.

**IT IS SO ORDERED.**

August 17, 2026

s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge